IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,322-02






EX PARTE KENDRICK MATHIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W98-49360-N(A) IN THE 195
TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault and was
sentenced to twenty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because he was abandoned by his
retained counsel, and did not believe that he would be given the opportunity to obtain new counsel before
his trial date. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). This case was
remanded to the trial court on March 29, 2006 for findings of fact regarding Applicant's claims that he
received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered. 
On July 7, 2007, this Court received supplemental findings of fact and conclusions of law, supported by
affidavits from the two attorneys who represented Applicant in this cause. However, those affidavits and
findings were not sufficient to address Applicant's claims.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 According to the affidavit of Applicant's retained counsel, Kenneth G. Wincorn, he was unable
to hire an investigator because Applicant was uncooperative and was not paying his fees. Therefore,
counsel withdrew from the representation and was not a party to the ultimate disposition of the case. 
Counsel's assertion is supported by letters to Applicant requesting timely payment (provided by Applicant
with his writ), and by a motion to withdraw from the representation, filed by counsel on May 20, 1999. 
However, the habeas record contains a copy of a "Defense Claim For Services Or Expense," filed by
Attorney Wincorn and approved by the trial court on June 29, 1999. The trial court shall make findings
of fact as to why funds were approved for payment of retained counsel after he had withdrawn from
Applicant's case, and after Applicant had apparently pleaded guilty with the assistance of different counsel. 

 Applicant alleges in his writ that Attorney Wincorn did not inform him that he had filed the motion
to withdraw from the representation. This assertion is supported by a letter from counsel to Applicant,
dated May 25, 1999, again requesting payment and informing Applicant of his court date. Applicant
alleges that on the date of his court setting, attorney Wincorn did not appear, and Applicant was forced
to proceed with "stand-in counsel." Applicant contends that he was convinced by the prosecutor to enter
into a plea bargain for a lesser-included offense on the date of trial because he could no longer afford an
attorney to represent him at trial. 

 The record reflects that Applicant appeared in court on June 24, 1999. On that date, the State
filed a motion to reduce the original charge of murder to the lesser included offense of aggravated assault
with a deadly weapon, which was granted by the trial court. Applicant entered into a negotiated plea of
guilty to aggravated assault with a deadly weapon, in exchange for a twenty-year sentence. The plea
documents indicate that he was represented at the plea by Attorney Floyd Shumpert. Attorney Shumpert
has also filed an affidavit in response to this writ. In his affidavit, 

he states that he was retained to represent Applicant in this matter, but does not state when he was so
retained, or how long he represented Applicant. He states that Applicant expressed his desire to plead
guilty and to have the court assess punishment. According to the affidavit, Attorney Shumpert explained
to Applicant the consequences of entering an open plea, and Applicant elected to do so. There is no
discussion in his affidavit about the reduction of the charges from murder to aggravated assault with a
deadly weapon. Nor does the affidavit indicate that there was a negotiated plea agreement, as the record
suggests.

 The trial court shall make findings as to when Attorney Wincorn filed his motion to 

withdraw from the representation, and when the motion was granted. The trial court shall make findings
as to whether Attorney Shumpert was appointed or retained, and on what date. The trial court shall also
make findings as to whether the State's motion to proceed on the lesser-included offense was the result
of plea negotiations, and if so, whether Applicant was represented by counsel during these negotiations. 
The trial court shall make findings as to whether the plea agreement provided by Applicant with his writ
application was filed in the trial court, and whether the plea was entered pursuant to that plea agreement. 
If the plea was not entered pursuant to a negotiated plea agreement, the trial court shall make findings as
to whether Applicant's counsel presented evidence in a punishment hearing, and whether sentencing was
conducted after preparation of a PSI. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 22, 2007

Do not publish